IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID NA'IM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-907-B-BN |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner David Na'im has filed a 28 U.S.C. § 2254 habeas application. For the

reasons stated herein, the Court should transfer the application to the United States

Court of Appeals for the Fifth Circuit for appropriate action.

## Background

In 1979, Petitioner was tried by jury in the 203rd Judicial District Court of

Dallas County, Texas on five charges of aggravated robbery. *See* Dkt. No. 3 at 2. He

was convicted on each charge and his sentences were assessed at 99 years in Cause No.

F-78-1175-P, life in prison in Cause No. F78-10952-P, 50 years in cause No. F78-11096-

P, 20 years in Cause No. 79-01176-P, and life in prison in Cause No. F79-02577-P. *See*

Dkt. No. 10-13 at 16, 17; *see also Na'im v. State*, 644 S.W. 2d 746 (Tex. Crim. App.

1983). Petitioner sought state habeas relief 13 times without success. *See* Dkt. No. 10,

attachments 12-31. He has filed two previous petitions for writ of habeas corpus in

federal court. See *Na'im v. Texas Bd. Of Pardons and Paroles*, No. 3:12-cv-2827-M (N.D. Tex. May 30, 2013) (denying 28 U.S.C. § 2241 habeas relief relating to Petitioner's conditions of parole); *Na'im v. Thaler*, No. 3:08-cv-1951-M (N.D. Tex. Feb. 22, 2011) (denying 28 U.S.C. § 2254 habeas relief relating to Petitioner's parole revocation).

On preliminary review, it appeared to the Court that the instant petition was likely barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). But Petitioner failed to provide enough information for the Court to make a definitive ruling on that issue. Therefore, Respondent was directed to file a preliminary response. Respondent argues that the instant petition is time-barred and that it is successive. The Court notes that Respondent was unable to obtain records from Petitioner's trials and direct appeals because his convictions are too old. *See* Dkt. No. 11 at 1. But those records are not necessary for review of the instant petition.

In his sole ground for relief, Petitioner claims that the indictments against him were "prejudicially loaded" as an attack on his character thereby infringing upon the presumption of innocence. *See* Dkt. No 3 at 5. He seeks "dismissal of prosecution based upon defective indictments." *Id.* at 7.

Before the Court may consider this habeas application, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the United States Court of Appeals for the Fifth Circuit.

-2-

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations. *See* 28 U.S.C. § 2244(b).

## Analysis

The ground for relief set forth in the instant petition could have been raised in Petitioner's previous Section 2254 habeas action. The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

-4-

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 7, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE